UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Corey Jawan Robinson,<br><br>        Plaintiff,<br><br>v.<br><br>Lt. A. Mack and Sgt. M. Marquardt,<br><br>        Defendants. | C/A No. 5:14-cv-01089-DCN-KDW<br><br><br><br>Report and Recommendation |

  Plaintiff, proceeding pro se, brought this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. This matter is before the court on Defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment filed on December 11, 2014. ECF No. 50. As Plaintiff is proceeding pro se, the court entered a *Roseboro*[1] order on December 12, 2014, advising Plaintiff of the importance of such motions and of the need for him to file an adequate response. ECF No. 51. Plaintiff responded to Defendants' Motion on December 29, 2014, ECF No. 54, Defendants replied on January 9, 2015, ECF No. 57, and Plaintiff filed a Sur Reply on January 20, 2015, ECF No. 58. Defendants' Motion[2] is now ripe for consideration. This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(d) and (e), D.S.C. Because this motion is dispositive, a Report and Recommendation is entered for the court's review.

  I.  Factual and Procedural Background

---

[1] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (requiring the court provide explanation of dismissal/summary judgment procedures to pro se litigants).
[2] Because the court considered matters outside the pleadings, the motion was considered as one for summary judgment instead of a Motion to Dismiss.

Corey Jawan Robinson was an inmate at Lieber Correctional Institution ("LCI") during the time period relevant to his Complaint. ECF No. 1. In his Complaint, Plaintiff maintains causes of action against Defendants for excessive force, violations of the Eighth and Fourteenth Amendments, gross negligence, and retaliation. *Id.* at 3. Plaintiff maintains he was charged, under offense code 814, for an incident that occurred on October 31, 2013. *Id.* at 4. According to his Complaint, a hearing on Plaintiff's offense was held on December 3, 2013, and Plaintiff appealed the decision on December 4, 2013. *Id.* Plaintiff asserts that his charge was dismissed on February 25, 2014, and all sanctions were removed. *Id.* Plaintiff alleges that he was "stripped out everything on 10/31/13 my belonging[s] [were] to be given back on 11/3/2013 but I got sick because of the extremely cold air, had to get a flu shot and went on C.I. [crisis intervention] on the 11/8/2013."

In an incident report attached to his Complaint dated October 31, 2013, Defendant Marquardt indicated that maintenance found a "great amount of stuffing from the mattress from cell 208" when he called about plumbing. ECF No. 1-1 at 6. Additionally, Defendant Marquardt reported that Plaintiff "stated he flushed the mattress foam down the toilet, but didn't know that would clog up the entire plumbing system [and that Plaintiff was] being charged with 856, 814 and placed on control cell per Major Nettles for 72 hours." *Id.*

Plaintiff maintains that the charge was dismissed, and it was excessive to keep him stripped out for five extra days which amounts to cruel and unusual punishment. ECF No. 1 at 4-5. Further, Plaintiff alleges that his mattress was taken for thirty days which is also cruel and unusual punishment. *Id.* at 5. Additionally, Plaintiff maintains that he made complaints of pain in his back, neck, side, legs, and arms; stiffness and swelling; headaches; and a cold on November

26, 2013, but received no treatment. *Id.* Plaintiff maintains he made another complaint on January 1, 2014 regarding injury to his lungs and throat. *Id.*

Plaintiff asserts that he is suing defendants in their individual capacity. *Id.* at 6. Further, he maintains that Defendants intentionally stripped him out based on retaliation for Plaintiff's past lawsuits. Plaintiff seeks $75,000.00 in compensatory damages from Defendant Mack and $15,000.00 in compensatory damages from Defendant Marquardt. Plaintiff seeks $7,500.00 for stripping him out of all his belongings for five extra days and $15,000.00 for stripping him from his mattress for over fifteen days. Plaintiff requests to be cleared from all debts owed to the State, SCDC, and federal court, and all sanctions restored including loss of good time credits. *Id.* Finally, Plaintiff requests an injunction and declaratory relief because he alleges he has scarring on his lungs which can kill him. He requests an outside referral to a specialist, medication, and possibly a lung transplant and to be placed on the lung transplant list. *Id.*

II.     Standard of Review

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other

3

materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a Complaint filed by a pro se litigant to allow the development of a potentially meritorious case*, see, e.g.*, *Cruz v. Beto*, 405 U.S. 319, 322 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

    III.    Analysis

        A.    Exhaustion of Remedies

Defendants contend that Plaintiff's Complaint should be dismissed because Plaintiff has not exhausted his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). ECF No. 50 at 3-5. Specifically, Defendants argue that Plaintiff filed a grievance relating only to his disciplinary charge where he sought dismissal of the charge, and "Plaintiff's grievance was upheld, his conviction was overturned, and his sanctions were removed." *Id.* at 4. Defendants maintain that Plaintiff is able to present only one issue for review in a grievance, and he is now filing suit on claims entirely separate from those in his grievance. *Id.* at 5. In Response, Plaintiff maintains that he is challenging the validity of his disciplinary conviction, and that the

charge should have been dismissed for other reasons. ECF No. 54 at 2. Further, he maintains that he should have never been "stripped out on October 31, 2013" because the charge was dismissed. *Id.*

Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). To satisfy this requirement, a plaintiff must avail himself of all available administrative remedies. *See Booth v. Churner*, 532 U.S. 731 (2001). Those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter,* 534 U.S. at 524 (quoting *Booth*, 532 U.S. at 739).

The purpose of the exhaustion requirement is twofold. First, it gives an administrative agency "an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court[.]" *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)). Second, "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Id.* Any consideration of administrative remedies pursued after the commencement of the litigation would only serve to frustrate both purposes of the PLRA's exhaustion requirement. Satisfaction of the exhaustion requirement requires "using all steps that the agency holds out, and doing so *properly*." *Id.* at 90 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (emphasis in original)). Thus, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218

(2007). Defendants have the burden of establishing that a plaintiff failed to exhaust his administrative remedies. *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 683 (4th Cir. 2005). SCDC inmates are required to file Step 1 Grievance forms and Step 2 Grievance forms prior to initiating civil actions. *See Wagner v. United States*, 486 F. Supp. 2d 549, 558 (D.S.C. 2007).

Based on the undersigned's liberal construction of the allegations in Plaintiff's Complaint, the undersigned finds that a court could find that Plaintiff exhausted claims for Eighth Amendment violations, including deprivation of certain property, as well as a claim for medical indifference. Based on the undersigned's review of the evidence before the court, Plaintiff did not exhaust his administrative remedies concerning any other allegations. Therefore, to the extent Plaintiff attempts to raise other causes of action in his Complaint or other court filings, the undersigned recommends that Defendants' Motion for Summary Judgment be granted because Plaintiff failed to exhaust his available administrative remedies before filing this action. *See Pozo,* 286 F.3d at 1024 (holding that an inmate's failure to "properly take each step within the administrative process . . . bars, and does not just postpone, suit under § 1983."); *see also Blevins v. Loranth*, No. 09-788-TLW-BM, 2010 WL 670099, at *3 (D.S.C. Feb. 22, 2010), ("Plaintiff needed to file and exhaust his administrative claim [] at FCI Williamsburg prior to proceeding with this lawsuit."); *Kirk v. Kirkland*, No. 0:06-1036 MBS-BM, 2006 WL 3759801 at *2 (D.S.C. Dec. 18, 2006) (finding that "before Plaintiff may proceed with his claim in this Court, he must first have exhausted any administrative remedies that were available at the Detention Center.") (both citing *Medina-Claudio v. Rodriguez-Mateo*, 292 F.3d 31, 34-35 (1st Cir. 2002).

    B.    Eighth Amendment Claim

Defendants maintain that Plaintiff was not deprived of a need in violation of his Eighth and Fourteenth Amendment rights. ECF No. 50 at 8. Defendants maintain that Plaintiff was not allowed his personal belongings while on control cell and subsequently when he was placed on crisis intervention status. *Id.* at 11. It appears that Plaintiff is bringing suit for Eighth Amendment violations based on deprivation of his mattress for a thirty-day time frame and confiscation of his property for five extra days. Defendants maintain that Plaintiff's allegations do not rise to constitutional violations. *Id.* at 11-12.

As a general matter, the Eighth Amendment prohibits punishments that "are incompatible with 'the evolving standards of decency that mark the progress of a maturing society' or which involve the unnecessary and wanton infliction of pain." *Estelle v. Gamble,* 429 U.S. 97, 102–103 (1976). Under this Amendment, sentenced prisoners are entitled to "adequate food, clothing, shelter, and medical care." *Farmer v. Brennan,* 511 U.S. 825, 832 (1994). Even so, the Eighth Amendment "does not mandate comfortable prisons." *Rhodes v. Chapman,* 452 U.S. 337, 349 (1981); *see also Shakka v. Smith,* 71 F.3d 162, 166 (4th Cir. 1995) (internal citations omitted) ("[T]he ordinary discomfort accompanying prison life is part and parcel of the punishment those individuals convicted of criminal offenses endure as recompense for their criminal activity. Accordingly, only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim.").

In order to state an Eighth Amendment violation with respect to prison conditions, a prisoner must show: "(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." *Williams v. Griffin,* 952 F.2d 820, 824 (4th Cir. 1991) (internal citations omitted); *Shakka,* 71 F.3d at 166. To establish the subjective component of a conditions-of-confinement claim, a prisoner must show that prison

7

officials acted with deliberate indifference—that is, the prisoner must show the officials acted with more than mere negligence but less than malice. *See Williams v. Benjamin,* 77 F.3d 756, 761 (4th Cir. 1996); *see also Farmer,* 511 U.S. at 835–37. For the objective component of a conditions-of-confinement claim, the prisoner must demonstrate an extreme deprivation of his rights. *See Williams v. Branker,* 462 Fed. Appx. 348, 353 (4th Cir. 2012). To withstand summary judgment on a challenge to prison conditions, Plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions. *Strickler v. Waters,* 989 F.2d 1375, 1381 (4th Cir. 1993).

It is well settled that the "unnecessary and wanton infliction of pain" imposed "maliciously and sadistically" by prison officials "for the very purpose of causing harm" states a claim under the Eighth Amendment. *Whitley v. Albers,* 475 U.S. 312, 319–21 (1986). However, it is also recognized that a prison's internal security is "peculiarly a matter normally left to the discretion of prison administrators" and they should be given "wideranging deference" regarding the actions necessary "to preserve internal order and discipline and to maintain institutional security." *Id.* at 321–22.

Here, Defendants maintain that Plaintiff was placed on control cell status for destroying state property, and Plaintiff had prior property offenses. ECF No. 50 at 10. Defendants also maintain that Plaintiff's property was confiscated because he was on crisis intervention status ("CIS"). *Id.* In support of their arguments Defendants attach the affidavit of Thierry Nettles, Major at LCI, who attests he authorized that Defendant Marquardt place Plaintiff on control cell. Nettles Aff., ECF No. 50-4 ¶¶ 3-7. Major Nettles authorized control cell status after Plaintiff told Defendant Marquardt that he had flushed mattress stuffing down the toilet. *Id.* ¶ 7. Based on control cell status, Major Nettles avers that Plaintiff's belongings and mattress cell were

confiscated. *Id.* ¶¶ 8-9. Major Nettles indicates that inmates are not provided with personal belongings while on CIS in accordance with SCDC policy, and Plaintiff was placed on CIS on or about November 8, 2013, until November 14, 2013. *Id.* ¶¶ 12-13.

Plaintiff has failed to offer independent evidence that demonstrates Defendants acted with deliberate indifference to deprive him of a basic human need. Rather, the evidence demonstrates that Major Nettles instructed Defendants to confiscate Plaintiff's property in response to Plaintiff's own actions and his violations of prison policies. The Supreme Court has instructed that prison officials should be given "wideranging deference" regarding the actions necessary "to preserve internal order and discipline and to maintain institutional security. *Whitley,* 475 U.S. at 321–22. Additionally, short periods of deprivation of property to do not rise to a constitutional rights violation. *See Joyner v. Patterson*, No. 0:13-cv-2675-DCN, 2014 WL 3909531, at *6 (D.S.C. Aug. 11, 2014) ("However, numerous courts have held that depriving an inmate of a mattress for short periods of time does not constitute cruel and unusual punishment."). Accordingly, the undersigned finds that Plaintiff has failed to state a claim for cruel and unusual punishment in violation of the Eighth Amendment. Therefore, the undersigned recommends granting Defendants' Summary Judgment Motion on Plaintiff's cause of action for Eighth Amendment constitutional rights violations.[3]

    C.    Retaliation

---

[3] Plaintiff's claims that Defendants failed to follow SCDC policies do not rise to the level of a constitutional violation. The "Constitution creates no entitlement to ... any such procedure voluntarily established by the state." *Adams v. Rice,* 40 F.3d 72, 75 (4th Cir. 1994). Allegations that Defendants have not followed their own policies or procedures, standing alone, do not amount to constitutional violations. *See Riccio v. County of Fairfax, Virginia,* 907 F.2d 1459, 1469 (4th Cir. 1990) (if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue). The undersigned, therefore, recommends that Defendants be granted summary judgment on any purported due process violations.

Defendants argue that Plaintiff's claims for retaliation should be dismissed. ECF No. 50 at 15-16. Plaintiff alleges that Defendants stripped him out of his belongings because of the other lawsuits Plaintiff has filed against them. ECF No. 1 at 5. However, Defendants argue that confiscation of items does not rise to the level of a constitutional violation. The undersigned agrees.

"To state a valid claim for retaliation under section 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Jones v. Greninger,* 188 F.3d 322, 324–25 (5th Cir. 1999). Finally, a plaintiff must show that he suffered some adverse impact on the continued exercise of his constitutional rights as a result of the retaliatory conduct. *ACLU v. Wicomico Cty.,* 999 F.2d 780, 785 (4th Cir. 1993). Claims of retaliation by prison inmates are generally treated with skepticism because "[e]very act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds to prisoner misconduct." *Cochran v. Morris,* 73 F.3d 1310, 1317 (4th Cir. 1996) (citing *Adams v. Rice,* 40 F.3d 72, 74 (4th Cir. 1994)). Plaintiff has failed to provide any evidence to establish that Defendants intentionally denied him of a constitutionally-protected right because Plaintiff filed previous lawsuits against Defendants. Accordingly, the undersigned recommends that summary judgment be granted on Plaintiff's retaliation claims.

      D.     Medical Indifference

In his Complaint, Plaintiff alleges that he "got sick because of the extremely cold air, had to get a flu shot and went on CI on [November 18, 2013]." ECF No. 1 at 4. Additionally, Plaintiff maintains that he made complaints regarding his back, neck, side, legs, and arm pains, stiffness and swelling, headaches and a cold on November 26, 2013, but received no treatment.

*Id.* Plaintiff maintains he made another complaint on January 1, 2014 regarding injury to his lungs and throat. *Id.*

The undersigned finds it difficult to discern Plaintiff's specific causes of action and against whom the cause of action is asserted. Plaintiff's assertions and facts surrounding many of the claims are vague and incomplete. The undersigned recommends that Plaintiff's purported cause of action for medical indifference should be dismissed for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. *See* Rule 8, Fed.R. Civ. Proc. (requiring that complaints shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (finding the purpose behind Rule 8 is to give the defendant fair notice of the claims and the grounds upon which it rests, and holding that the plaintiff is obligated to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). Specifically, it is unclear from his Complaint who Plaintiff alleges failed to act on his behalf in providing medical care. Furthermore, in his Step One Grievance seeking dismissal of the disciplinary charge, Plaintiff only states, "no medical treatment" without providing when the treatment was not provided and what medical issues went untreated. ECF No. 1-1 at 1. Therefore, the undersigned recommends dismissing Plaintiff's purported medical indifference claim as it relates to Plaintiff's December 4, 2013, Step One Grievance. *Farmer v. Brennan*, 511 U.S. 825, at 834 (1994) (holding that in order to prevail on a cause of action for deliberate indifference to medical needs, Plaintiff must show that the named defendants were deliberately indifferent to his serious medical need).

Additionally, the undersigned notes that Plaintiff's medical indifference claims, as they relate to complaints made on dates other than December 4, 2013, have not been exhausted.

11

Plaintiff only submitted Requests to Staff concerning other medical issues, and SCDC policy requires that Plaintiff file a Step 1 and Step 2 grievance in order to exhaust administrative remedies. Therefore, the undersigned recommends that the court dismiss Plaintiff's other medical indifference claims for failure to exhaust.

      E.      Qualified Immunity

Defendants assert that they are entitled to qualified immunity on Plaintiff's claims. ECF No. 50-1 at 5-8. The Supreme Court in *Harlow v. Fitzgerald* established the standard that the court is to follow in determining whether a defendant is protected by this immunity. That decision held that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow*, 457 U.S. 800, 818 (1982).

When evaluating a qualified immunity defense, the court must determine (1) whether the facts alleged, taken in the light most favorable to the plaintiff, show that the defendants' conduct violated a constitutional right, and (2) whether that right was clearly established at the time of the alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 230-33 (2009). The two prongs of the qualified immunity analysis may be addressed in whatever order is appropriate given the circumstances of the particular case. *Id.* at 236. In determining whether the right violated was clearly established, the court defines the right "in light of the specific context of the case, not as a broad general proposition." *Parrish v. Cleveland*, 372 F.3d 294, 301-03 (4th Cir. 2004). "If the right was not clearly established in the specific context of the case—that is, if it was not clear to a reasonable officer that the conduct in which he allegedly engaged was unlawful in the situation

he confronted—then the law affords immunity from suit." *Id.* (citations and internal quotation omitted).

The record before the court shows that these Defendants performed the discretionary functions of their respective official duties in an objectively reasonable fashion. Defendants did not transgress any statutory or constitutional rights of Plaintiff that they were aware of in the exercise of their respective professional judgments. Thus, to the extent the district judge finds that a constitutional violation occurred, the undersigned recommends that these Defendants be granted qualified immunity.

V.     Conclusion and Recommendation

Based on the foregoing, it is recommended that Defendants' Motion for Summary Judgment, ECF No. 50, be GRANTED.

IT IS SO RECOMMENDED.

February 27, 2015                                             Kaymani D. West
Florence, South Carolina                                 United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

13