# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Corey Jawan Robinson #294233, ) | |
| ) | Civil Action |
| ) | No. 5:14-cv-01089-JMC |
| Plaintiff, ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Lt. A. Mack and Sgt. M. Marquardt, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Corey Jawan Robinson ("Plaintiff"), proceeding *pro se*, brought this civil rights action and is seeking relief pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights by Defendants Lt. A. Mack and Sgt. M. Marquardt (collectively "Defendants"), employees of Lieber Correctional Institution ("LCI"). (ECF No. 1.) This matter is before the court pursuant to Defendants' Motion to Dismiss, or in the alternative, Motion for Summary Judgment. (ECF No. 50.)

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(a) for the District of South Carolina, the matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial handling. On February 27, 2015, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the court grant Defendants' Motion for Summary Judgment.[1] (ECF No. 60.) This review considers Plaintiff's Objections to the Report

---

[1] The Magistrate Judge's Report and Recommendation treated Defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment as a motion for summary judgment "[b]ecause the court considered matters outside the pleadings." (ECF 60 at 1 n.2.) In consideration of the documents attached to the pleadings in this matter, the court observes that "documents attached to the complaint or incorporated by reference therein are not outside of the pleadings." *BHC Interim Funding II, L.P. v. F.D.I.C.*, 851 F. Supp. 2d 131, 134 (D.D.C. Mar. 30, 2012). Further, documents attached to a motion to dismiss may also be considered without conversion if they are

1

("Objections"), filed March 9, 2015 (ECF No. 63), and Defendants' Response to Plaintiff's Objections ("Response"), filed March 26, 2015 (ECF No. 66). For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's Report. The court thereby **GRANTS** Defendants' Motion for Summary Judgment (ECF No. 50) as to the Eighth Amendment claim **WITH PREJUDICE** and as to the claims of excessive force, Fourteenth Amendment violations, and gross negligence **WITHOUT PREJUDICE**.

### I.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

A thorough recitation of the relevant factual and procedural background of this matter is discussed in the Report. (*See* ECF No. 60.) The court concludes upon its own careful review of the record that the Magistrate Judge's Report is accurate and incorporates it by reference. The court will only reference herein facts pertinent to the analysis of Plaintiff's Objections and Defendants' Response.

Plaintiff was incarcerated at ("LCI"), within the South Carolina Department of Corrections ("SCDC"). (ECF No. 1 at 3.) Plaintiff alleges that his mattress and the rest of his belongings were taken on October 31, 2013. (*Id.* at 4.) Plaintiff writes in his Complaint that he was "stripped out" of his belongings for an extra five days and that he was without a mattress for thirty days. (*Id.* at 4–5.) Plaintiff asserts that these actions were excessive and cruel and unusual. (*Id.*) Plaintiff further alleges that he believes the taking of his mattress and belongings were in retaliation because of his pending litigation against Defendants. (*Id.* at 5.)

On December 11, 2014, Defendants filed their Motion to Dismiss, or in the alternative, Motion for Summary Judgment. (ECF No. 50). On February 27, 2015, the Magistrate Judge

---

"'integral'" to the claim. *See id.* Nevertheless, the court reviewed the medicals records, incident reports, affidavits, and grievance forms (ECF Nos. 1-1, 50-1 to 50-7) attached to the pleadings and the Motion to Dismiss in the context of Fed. R. Civ. P. 56 as recommended by the Magistrate Judge.

issued the Report recommending that the court grant Defendants' Motion for Summary Judgment. (ECF No. 60.) In the Report, the Magistrate Judge found that Plaintiff had only exhausted his administrative remedies for the "Eighth Amendment violations, including [the] deprivation of certain property, as well as a claim for medical indifference." (*Id.* at 6.) As to the other allegations of excessive force, Fourteenth Amendment violations, and gross negligence, the Magistrate Judge recommended Defendants' Motion for Summary Judgment be granted because Plaintiff failed to exhaust his administrative remedies before filing these claims. (*Id.*) The Magistrate Judge further recommended the granting of summary judgment as to the Eighth Amendment claim because Plaintiff failed to offer evidence that demonstrated Defendants acted with deliberate indifference to deprive him of a basic human need or other constitutionally-protected right. (*Id.* at 9–10.) In addition, the Magistrate Judge stated that the medical indifference claim "should be dismissed for failure to comply with Rule 8 of the Federal Rules of Civil Procedure." (*Id.* at 11.) As the Magistrate Judge found that Defendants performed their official duties in an objectively reasonable fashion and that they did not violate any constitutional rights of Plaintiff, she concluded that Defendants were entitled to qualified immunity. (*Id.* at 13.)

Plaintiff timely filed his Objections on March 9, 2015. (ECF No. 63.) Defendants filed their Response on March 26, 2015. (ECF No. 66.)

## II.     JURISDICTION

This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, which confers jurisdiction in actions authorized by 42 U.S.C. § 1983 against defendants acting under color of state law.

## III.     LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and

Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270–71 (1976). This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

As Plaintiff is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 547 F.2d 1147, 1151 (4th Cir. 1978). The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett,* 174 F.3d 1128, 1133 (10th Cir. 1999).

## IV.     ANALYSIS

### A.     Exhaustion of Administrative Remedies

Plaintiff first argues that he has, in fact, exhausted his administrative remedies in regard to his claims against Defendants. (ECF No. 63 at 3.) Plaintiff attached to his Complaint copies of his Step 1 and Step 2 Grievance forms for Grievance No. LCI-1668-13, which show final responses from SCDC officials. (ECF No. 1-1 at 1–3.) Plaintiff's grievance in relation to his disciplinary charge was ultimately upheld. (EFC No. 50 at 4.) Defendants counter, however, that Plaintiff's grievance was *only* relating to his disciplinary charge. (*Id.* at 4 (emphasis added).) Defendants assert that "[p]ursuant to SCDC inmate grievance policy, only one issue or one disciplinary conviction may be addressed on each grievance form." (*Id.* at 4–5.) By Plaintiff alleging other issues within one form, Defendants argue Plaintiff failed to comply with agency procedure and thus failed to exhaust all of his administrative remedies. (*Id.* at 5.)

Satisfaction of the exhaustion requirement requires "using all steps that the agency holds out, and doing so *properly*." *Woodford v. Ngo*, 548 U.S. 81, 90 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original)). Thus, "it is the prison's requirements, and not the PLRA, [Prison Litigation Reform Act] that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Here, SCDC policy requires two steps in order to properly file a grievance and exhaust administrative remedies. *See Wagner v. United States*, 486 F. Supp. 2d 549, 558. The Magistrate Judge found that Plaintiff exhausted his administrative remedies only in regard to the Eighth Amendment claim.[2] (ECF No. 60 at 6.) This court agrees.

**B.     Eighth Amendment Claims**

    **i. Deprivation of Property**

Generally, the Eighth Amendment prohibits punishments that "are incompatible with 'the evolving standards of decency that mark the progress of a maturing society' or which involve the unnecessary and wanton infliction of pain.'" *Estelle v. Gamble,* 429 U.S. 97, 102–03 (1976). However, the Eighth Amendment "does not mandate comfortable prisons." *Rhodes v. Chapman,* 452 U.S. 337, 349 (1981). In order to state an Eighth Amendment violation, a prisoner must show: "(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." *Williams v. Griffin,* 952 F.2d 820, 824 (4th Cir. 1991) (internal citations omitted). "Because routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society,'" only extreme deprivations will make out a conditions-of-confinement claim. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes,*

---

[2] By this ruling, the court does not address either the merits of Plaintiff's excessive force, Fourteenth Amendment, and gross negligence claims or offer an opinion as to the outcome of any future attempts to exhaust these claims.

452 U.S. at 347).   While sleeping on steel without a mattress for thirty days seems uncomfortable, courts have held it is not so extreme to the point where it violates evolving standards of decency.  *See Alfred v. Bryant,* 378 F. App'x 977, 980 (11th Cir. 2010) ("Objectively speaking, sleeping on a steel bed without a mattress for eighteen days, though uncomfortable, is not so extreme as to violate contemporary standards of decency.") (Citation omitted).  As Plaintiff mentions, courts "give deference to prison officials' decision about disciplinary punishment."  (ECF No. 1 at 4.)  Plaintiff offers no evidence for deliberate indifference in the actions of prison officials in taking Plaintiff's personal property.  Plaintiff has failed to state a claim for cruel and unusual punishment in violation of the Eighth Amendment.

### ii. Medical Indifference

While on the surface the medical indifference claim seems to be exhausted, upon further review the Magistrate Judge finds that it is not.  (ECF No. 60 at 6, 11.)  Plaintiff must show that the named defendants were deliberately indifferent to his serious medical need.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  Plaintiff alleges that while being "stripped out" of his belongings, he got sick due to the cold air and made multiple complaints.  (ECF No. 63 at 2–3.)  However, in both his grievance and medical forms, Plaintiff does not name either Defendant or mention any details as to when he asked for medical care or what medical issues went untreated.  (ECF No. 1-1 at 1, 4–5.)  Plaintiff did not properly complete any steps to remedy his medical grievance.  As the Magistrate Judge stated, Plaintiff not only has failed to plead the medical indifference claim pursuant to Rule 8 of the Federal Rules of Civil Procedure, but he has also, again, failed to exhaust his administrative remedies.  This court again reminds Plaintiff that all grievances must first attempt to be resolved by SCDC before seeking relief from the court.

### C.     Qualified Immunity

Plaintiff's claim alleging Eighth Amendment violations, even if meritorious, fails because Defendants are entitled to qualified immunity. The Magistrate Judge found that Defendants "performed the discretionary functions of their respective official duties in an objectively reasonable fashion" and "did not transgress any statutory or constitutional rights of Plaintiff." (ECF No. 60 at 13.)

When evaluating a claim for qualified immunity, the court must first determine whether Plaintiff has alleged a deprivation of an actual constitutional right. *Wilson v. Layne,* 526 U.S. 603, 609 (1999) (citing *Conn v. Gabbert*, 526 U.S. 286, 290 (1999)). To prove a claim of excessive force in violation of the Eighth Amendment, a plaintiff must satisfy the two-part test outlined by the Fourth Circuit in *Iko v. Shreve*, 535 F.3d 225 (4th Cir. 2008). Under this standard, a plaintiff must show "whether the prison official acted with a sufficiently culpable state of mind (subjective component) and whether the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)." *Id.* at 238 (quoting *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996)). "All that is necessary is proof of more than *de minimis* pain or injury." *Williams,* 77 F.3d at 761.

Plaintiff fails first on the objective component. To show he suffered injury as a result of the alleged actions of Defendants, Plaintiff's Objections, in addition to simply reiterating the claims made in his Complaint, refer the court to the medical records Plaintiff attached to his Complaint. (ECF No. 63 at 3.) The records, however, do not show that he suffered any injury as a result of Defendants' actions. On the contrary, the records indicate that additional scarring in the lungs and throat was from his medical condition and not from being "stripped out." (ECF No. 1-1 at 4.) Because Plaintiff has not alleged a sufficiently serious injury, Plaintiff cannot

7

show a deprivation of a constitutionally protected right and his claim of excessive force fails. Since Plaintiff was not deprived of a constitutionally protected right and Plaintiff offers no additional evidence in his Objections regarding Defendants' defense, Defendants are entitled to qualified immunity.

## V.     CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report of the Magistrate Judge and the record in this case, the court **ACCEPTS** the Report of the Magistrate Judge (ECF No. 60). The court thereby **GRANTS** Defendants' Motion for Summary Judgment (ECF No. 50) as to the Eighth Amendment claim **WITH PREJUDICE** and as to the claims of excessive force, Fourteenth Amendment violations, and gross negligence **WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

June 24, 2015
Columbia, South Carolina